NORTH CAROLINA                    IN THE GENERAL COURT OF JUSTICE
                                   SUPERIOR COURT DIVISION
MECKLENBURG COUNTY                 19 CVS _____

GREGORY T. WATSON, WILLIAM         )
LEE COLEMAN, and PAIGE GIBSON,     )
                                   )
            Plaintiffs,            )   VERIFIED COMPLAINT; MOTION
                                   )   FOR **EMERGENCY** TEMPORARY,
v.                                 )   PRELIMINARY and PERMANENT
                                   )   INJUNCTION; AND
BURNS & WILCOX, LTD.,              )   MOTION FOR EXPEDITED
                                   )   DISCOVERY
            Defendant.             )

NOW COME Plaintiffs Gregory T. Watson ("Watson"), William Lee Coleman ("Coleman"), and Paige Gibson ("Gibson") (collectively "Plaintiffs") and hereby file this Verified Complaint for Declaratory Judgment against Burns & Wilcox, LTD. ("Defendant") and seek a declaratory judgment, decree and order by this Court, affirming that the terms of the Management Bonus Agreement ("MBA") and the Individual Production Award ("IPA") (collectively the "Agreements") are unenforceable, and an **EMERGENCY** temporary, preliminary and permanent injunctive relief prohibiting Defendant from using the unenforceable agreements to interfere with Plaintiffs' employment within the State of North Carolina. In support of this Complaint, Plaintiffs respectfully show the Court the following:

## PARTIES AND JURISDICTION

1. Watson is an individual citizen and resident of Mecklenburg County, North Carolina.

2. Coleman is an individual citizen and resident of Mecklenburg County, North Carolina.

3. Gibson is an individual citizen and resident of Mecklenburg County, North Carolina.

4. Defendant is a corporation organized and existing under the laws of the State of Michigan, with its registered office address located at 800 Arendell Street, Suite 200, Morehead City, North Carolina.

5. Plaintiffs are former employees of Defendant.

6. Until their separation of employment from Defendant, Plaintiffs worked out of Defendant's Charlotte, North Carolina office located at 14120 Ballantyne Corporate Pl, Suite 500, Charlotte, North Carolina.

7. This Court has jurisdiction over this matter.

8. Venue is proper in this Court.

9. The allegations stated herein are supported by Plaintiffs' Verifications and the Affidavit of Gregory T. Watson (Exhibit 1), the Affidavit of William Lee Coleman (Exhibit 2), and the Affidavit of Paige Gibson (Exhibit 3).

## STATEMENT OF FACTS

10. Defendant is an insurance wholesale broker and underwriting manager that offers insurance coverage across the United States and Canada.

*Watson's Employment with Defendant*

11. Watson began employment with Defendant over ten years ago at its Greenville, North Carolina facility.

12. During his last year of employment for Defendant, Watson was an Associate Vice President and Managing Director of Defendant's three North Carolina offices located in Charlotte, Morehead City, and Wilmington.

2

13. On or about March 18, 2019, Watson executed Defendant's Management Bonus Agreement (the "MBA") while sitting in his office in Charlotte, North Carolina. A true and accurate copy of the MBA is attached as Exhibit A to Watson's affidavit.

14. The MBA contains restrictive covenants including an alleged non-compete restriction and restrictions on the solicitation of Defendant's customers, solicitation of Defendant's employees, and non-disclosure provisions.

15. At the time that he executed the MBA, Watson had been an employee of Defendant for almost 10 years.

16. Watson did not receive any new consideration from Defendant in exchange for signing the MBA.

17. Although the MBA purports to provide Watson with a bonus in exchange for signing the agreement, Watson has not and will not receive any compensation under the MBA.

18. The MBA's promise of consideration is illusory.

19. The MBA contains a forum selection clause and choice of law provision that are unenforceable under North Carolina law.

20. The MBA contains restrictions on Watson's employment in North Carolina that are unenforceable under North Carolina law.

21. Watson only worked for Defendant in North Carolina.

22. Watson resigned from his employment with Defendant on October 9, 2019.

*Coleman's Employment with Defendant*

23. Coleman began employment with Defendant over five years ago at its Morehead City, North Carolina office.

3

24. In November 2016, Coleman moved to Defendant's Charlotte, North Carolina office.

25. During his last year of employment for Defendant, Coleman was a Commercial Lines Broker for Defendant.

26. On December 4, 2018, Coleman electronically executed Defendant's Individual Production Award (the "IPA") while sitting in his office in Charlotte, North Carolina. A true and accurate copy of the IPA is attached to Coleman's affidavit as Exhibit A.

27. The IPA contains restrictive covenants including an alleged non-compete restriction and restrictions on the solicitation of Defendant's customers, solicitation of Defendant's employees, and non-disclosure provisions.

28. At the time that he executed the IPA, Coleman had been an employee of Defendant for five years.

29. Coleman did not receive any new consideration that he was not already entitled to receive from Defendant in exchange for signing the IPA.

30. The promise of consideration in the IPA is illusory.

31. The IPA contains a forum selection clause and choice of law provision that are unenforceable under North Carolina law.

32. The IPA contains restrictions on Coleman's employment in North Carolina that are unenforceable under North Carolina law.

33. Coleman only worked for Defendant in North Carolina.

34. Coleman resigned from his employment with Defendant on October 16, 2019.

*Gibson Employment with Defendant*

35. Gibson began employment with Defendant over six years ago at its Morehead City, North Carolina office.

36. In 2015, Gibson moved to Defendant's Charlotte, North Carolina office.

37. During her last year of employment for Defendant, Gibson was a Personal Lines Underwriter.

38. On January 10, 2019, Gibson electronically executed Defendant's IPA while sitting in her office in Charlotte, North Carolina.

39. The IPA contains restrictive covenants including an alleged non-compete restriction and restrictions on the solicitation of Defendant's customers, solicitation of Defendant's employees, and non-disclosure provisions.

40. At the time that she executed the IPA, Gibson had been an employee of Defendant for almost 6 years.

41. Gibson did not receive any new consideration that she was not already entitled to receive from Defendant in exchange for signing the IPA.

42. The promise of consideration in the IPA is illusory.

43. The IPA contains a forum selection clause and choice of law provision that are unenforceable under North Carolina law.

44. The IPA contains restrictions on Gibson's employment in North Carolina that are unenforceable under North Carolina law.

45. Gibson only worked for Defendant in North Carolina.

46. Gibson resigned from her employment with Defendant on October 24, 2019.

*Defendant attempts to enforce the Agreements*

5

47. After leaving employment at Defendant's Charlotte, NC facility, Plaintiffs began employment with CRC Insurance Services, Inc. ("CRC") in Charlotte, NC.

48. CRC is a subsidiary of BB&T Corporation.

49. On October 28, 2019, Defendant filed a lawsuit against CRC, Plaintiffs, and other former employees of Defendant in the United States District Court for the Eastern District of Michigan seeking to enforce the Agreements and prevent Plaintiffs from continuing their employment with CRC in North Carolina (the "Michigan Action").

50. On November 11, 2019, Defendant filed an Amended Complaint in the Michigan Action to add more former employees.

51. On November 26, 2019 Defendant filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction and Other Relief in the Michigan Action. A court hearing on this emergency motion is scheduled for 1:30 pm on Tuesday, December 3, 2019.

52. Although Plaintiffs are all North Carolina residents and worked for Defendant in North Carolina, Defendant seeks to enforce the Agreements in Michigan pursuant to the Agreements' forum selection and choice of law provisions.

53. The Plaintiffs' Agreements were all formed and executed in North Carolina, and the forum selection provision designating Michigan as the exclusive forum for disputes involving the Agreements is unenforceable and violates the public policy of North Carolina pursuant to N.C. Gen. Stat. § 22B-3.

54. The Agreements' choice of law provision is unenforceable because the application of Michigan law to the Agreements violates the public policy of North Carolina.

6

Case 3:19-cv-00652-GCM   Document 1-2   Filed 12/03/19   Page 6 of 16

55. Plaintiffs have a reasonable and good faith belief that litigation is unavoidable, in that Defendant has already filed one lawsuit against them seeking emergency relief in an effort to enforce its perceived legal rights in the restrictive covenants that are contained in the Agreements.

56. The Agreements' restrictive covenants are not enforceable against Plaintiffs under North Carolina law because they are not supported by consideration.

57. The Agreements' restrictive covenants are not enforceable against Plaintiffs under North Carolina law because they are overly broad and do not protect any legitimate business interest.

58. Defendants filed suit against Plaintiffs in Michigan based on the forum selection and choice of law provisions in the Agreement. These terms are also unenforceable under North Carolina law.

59. Plaintiffs live in North Carolina, worked for Defendant in North Carolina, work for CRC in North Carolina, are licensed insurance brokers in North Carolina, and lack any contacts to Michigan other than the fact their former employer, Defendant, is headquartered in Michigan.

60. The Agreements contain certain non-competition restrictive covenants that purport to restrict plaintiff's post-employment activities in North Carolina, and upon which Defendant attempts to enforce in Michigan.

61. The non-solicitation and non-disclosure restrictive covenants contained in the Agreements are invalid and unenforceable as a matter of well-settled North Carolina law.

62. A genuine and actual controversy exists between the parties regarding Plaintiffs' right to continue their current employment with CRC and the purported rights of Defendant relating to the Agreement.

63.

7

## FIRST CLAIM FOR RELIEF (ACTION FOR DECLARATORY JUDGMENT)

64. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 62 as fully set forth herein.

65. The restrictive covenants in the Agreements are not supported by consideration and are unenforceable.

66. The restrictive covenants are overbroad under North Carolina law, are contrary to public policy, and thus are invalid and unenforceable under applicable North Carolina law.

67. Despite the unenforceability of the Agreements, Defendant nevertheless has filed suit in a misguided attempt to enforce the Agreements' restrictive covenants.

68. Upon information and belief, Defendant has filed suit in Michigan because the laws of that state are friendlier to post-employment restrictive covenants than the laws of North Carolina and the Agreements will be enforced in Michigan in a manner that contravenes the public policy of North Carolina.

69. Plaintiffs desire to effect a speedy and efficient resolution of this matter, and avoid the unnecessary expense and delay that would otherwise result in the absence of this Court's Order.

70. Plaintiffs are uncertain and insecure with respect to their rights, in light of Defendant's efforts to enforce the Agreements and deprive them of their right to employment with CRC in North Carolina.

71. Because Plaintiffs are currently employed by CRC, purportedly in violation of the Agreements, an actual and justiciable controversy exists between Plaintiffs and Defendant, *inter alia*, the validity of the restrictive covenants and Defendant's alleged rights under the Agreements.

Case 3:19-cv-00652-GCM   Document 1-2   Filed 12/03/19   Page 8 of 16

72. Said controversy necessitates a determination by this Court concerning this dispute to protect Plaintiffs from the aforementioned uncertainty, insecurity, and interference with their North Carolina employment and livelihood.

73. The ends of justice require that a declaratory judgment issue that the restrictive covenants are overbroad and unenforceable in the State of North Carolina.

74. Plaintiffs respectfully request and are entitled under N.C. Gen. Stat. §§ 1-253 *et seq.* to a judgment providing a declaration of the rights and legal relations between Plaintiffs and Defendant holding that: (1) North Carolina law applies to Agreements and this Court is the proper venue to determine these issues; (2) the Agreements lack consideration and the restrictive covenants contained therein are unenforceable as a matter of law; (3) the employee non-solicitation provisions of the Agreements are invalid as a matter of law and do not prohibit Plaintiffs from working for CRC or engaging in activities purportedly prohibited by the Agreements; (4) the customer non-solicitation provisions of the Agreements are invalid as a matter of law and do not prohibit Plaintiffs from working for CRC or engaging in activities purportedly prohibited by the Agreement; (5) the non-disclosure provisions of the Agreements are invalid as a matter of law and do not prohibit Plaintiffs from working for CRC or engaging in activities purportedly prohibited by the Agreement; (6) the restrictive covenants are void, against the public policy of North Carolina, and unenforceable in North Carolina; and (7) Plaintiffs' work for CRC in North Carolina does not violate the Agreements.

## SECOND CLAIM FOR RELIEF (INJUNCTION)

75. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 73 as fully set forth herein.

76. Plaintiffs respectfully request that this Court issue a temporary restraining order, preliminary and permanent injunction restraining and enjoining Defendant from enforcing the restrictive covenants and other provisions of the Agreements identified in the preceding paragraphs against Plaintiffs.

77. Plaintiffs further request that this Court restrain and enjoin Defendant from using the Agreements to limit or restrict Plaintiffs' employment in North Carolina with CRC or any other North Carolina employer or to make a livelihood in North Carolina in any way.

78. Plaintiffs are suffering and will further suffer irreparable injury from being forced to litigate Defendant's lawsuit in Michigan when they have no ties to Michigan and the Michigan court may enforce the Agreements in a manner that is contrary to the public policy of North Carolina.

79. Plaintiffs are suffering and will suffer further irreparable injury if the Agreements are used to interfere or limit their ability to work and make a livelihood in North Carolina when the Agreements are not valid or enforceable in this State.

80. Plaintiffs show further that there is a substantial likelihood that they will prevail on the merits of the cause of action for declaratory judgment, that the harm to Defendant, if an injunction against prosecuting an action against Plaintiffs is granted, is less than the harm that will occur to Plaintiffs if the injunction is not granted, that Plaintiffs will not have an adequate remedy at law, that an injunction, if issued, would not be adverse to the public interest, and that irreparable harm and injury will occur to Plaintiffs if Defendant is permitted use to the Agreements to interfere or limit their ability to work in this State.

10

Case 3:19-cv-00652-GCM   Document 1-2   Filed 12/03/19   Page 10 of 16

## MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

81. Pursuant to North Carolina Rule of Civil Procedure 65, Plaintiffs are entitled to and seek a temporary restraining order and preliminary injunction relief ordering that:

   a. The Agreements are subject to North Carolina law and the Mecklenburg County Superior Court is the proper forum for this action;

   b. The Agreements' non-compete restriction is unenforceable under North Carolina law;

   c. The Agreements' employee solicitation restrictions are unenforceable under North Carolina law;

   d. The Agreements' customer solicitation restrictions are unenforceable under North Carolina law;

   e. The Agreements' non-disclosure restrictions are unenforceable under North Carolina law; and

   f. The Defendants are barred from any attempt to enforce the Agreements in a manner that interferes with Plaintiffs' employment within the State of North Carolina.

82. Unless so enjoined, Defendants' actions will cause irreparable harm to Plaintiffs and will cause injuries that cannot be adequately compensated by monetary damages. Unless so enjoined, the injury to Plaintiffs is immediate and pressing, and a temporary restraining order and preliminary injunctive relief are necessary to preserve the status quo, to protect Plaintiffs' rights, and to prevent injury to Plaintiffs pending the trial of this action. Plaintiffs is likely to succeed on the merits.

83. In further support of their motion for temporary restraining order and motion for preliminary injunction, Plaintiffs have attached the affidavits of Gregory T. Watson (Exhibit 1), William Lee Coleman (Exhibit 2), and Paige Gibson (Exhibit 3).

WHEREFORE Plaintiffs pray of this Honorable Court as follows:

(A) For a declaratory judgment that the restrictive covenants in the Agreements are not enforceable against Plaintiffs;

(B) For an interlocutory and permanent injunction against Defendant that (1) stays the enforcement of the Agreements; (2) prohibits any and all efforts by Defendant to use the Agreements in a manner that limits Plaintiffs' ability to work and earn a livelihood in this State, and (3) prohibits any and all actions by Defendant to preclude Plaintiffs from engaging in an employment relationship with CRC;

(C) Construe this as a motion for temporary restraining order under Rule 65 of the North Carolina Rules of Civil Procedure, and issue a temporary restraining order restraining the defendant in the manner and form described above;

(D) Pending the issuance of preliminary injunctive relief, construe this Complaint as a Motion for Expedited Discovery under Rules 26(d), 30, 33, and 34, N.C. R. Civ. P., and grant Plaintiffs leave to commence expedited discovery immediately in aid of preliminary injunction proceedings before the Court;

(E) For Plaintiffs' reasonable attorneys' fees and costs of this litigation;

(F) For a trial by jury on all issues so triable; and

(G) For such other and further relief as this Court may deem just, proper, and equitable under the circumstances.

This the 2nd day of December, 2019.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: _____
J. Allen Thomas
N.C. State Bar No. 40119
8529 Six Forks Road
Forum IV, Suite 600
Raleigh, North Carolina 27615
Telephone: 919.787.9700
Facsimile: 919.783.9412

*Attorneys for Plaintiffs*

40897976.1

NORTH CAROLINA                          FILED           IN THE GENERAL COURT OF JUSTICE
                                                        SUPERIOR COURT DIVISION
MECKLENBURG COUNTY   19 DEC -2 P 3:04        19 CVS 23018

                      MECKLENBURG CO., C.S.C.
GREGORY T. WATSON; WILLIAM    )
LEE COLEMAN; and PAIGE GIBSON, )
           BY                  )
             Plaintiff,        )
                               )      VERIFICATION OF PAIGE
v.                             )      GIBSON
                               )
BURNS & WILCOX, LTD.           )
                               )
             Defendant.        )

Paige Gibson, being first duly sworn, deposes and says that she is a plaintiff in the foregoing action and that she has read the foregoing Verified Complaint and knows the contents there of with respect to the allegations involving her and the same is true of her knowledge, except as to those matters therein stated upon information and belief, and as to those matters she believes them to be true.

This 2nd day of December 2019.

                                    By: _____
                                              Paige Gibson

Sworn and subscribed before me
this the 2nd day of December 2019.

_____       Peter A McCranie Jr
Notary Public                         Notary Public
                                      Mecklenburg County
My commission expires: 09/09/2022     North Carolina

NORTH CAROLINA                    IN THE GENERAL COURT OF JUSTICE
                                  SUPERIOR COURT DIVISION
MECKLENBURG COUNTY                2019CVS_____

GREGORY T. WATSON; WILLIAM    )
LEE COLEMAN; and PAIGE GIBSON, )
                              )
            Plaintiff,        )
                              )       VERIFICATION OF WILLIAM
      v.                      )       LEE COLEMAN
                              )
BURNS & WILCOX, LTD.          )
                              )
            Defendant.        )

    William Lee Coleman, being first duly sworn, deposes and says that he is a plaintiff in the foregoing action and that he has read the foregoing Verified Complaint and knows the contents thereof with respect to the allegations involving him and the same is true of his knowledge, except as to those matters therein stated upon information and belief, and as to those matters he believes them to be true.

This 2nd day of December 2019.

By: _____
    William Lee Coleman

Sworn and subscribed before me
this the 2nd day of December 2019.

_____
Notary Public
My commission expires: 09/09/2022

Peter A McCranie Jr
Notary Public
Mecklenburg County
North Carolina

NORTH CAROLINA                    IN THE GENERAL COURT OF JUSTICE
                                  SUPERIOR COURT DIVISION
MECKLENBURG COUNTY                19 CVS _____

GREGORY T. WATSON; WILLIAM         )
LEE COLEMAN; and PAIGE GIBSON,     )
                                   )
              Plaintiff,           )
                                   )    VERIFICATION OF GREGORY
      v.                           )    T. WATSON
                                   )
BURNS & WILCOX, LTD.               )
                                   )
              Defendant.           )

Gregory T. Watson, being first duly sworn, deposes and says that he is a plaintiff in the foregoing action and that he has read the foregoing Verified Complaint and knows the contents thereof with respect to the allegations involving him and the same is true of his knowledge, except as to those matters therein stated upon information and belief, and as to those matters he believes them to be true.

This __1__ day of December 2019.

By: _____
    Gregory T. Watson

Sworn and subscribed before me
this the __1__ day of December 2019.

_____
Notary Public
My commission expires: 12/19/2022

[Notary Seal: ANTHONY HILL, NOTARY PUBLIC, MECKLENBURG COUNTY, NC, MY COMMISSION EXPIRES 12/19/2022]